**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITIBANK CORPORATE CARDS,** | ) | **CASE NO.1:07CV3538** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DAVID CUMMINGS,** | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff) | | **ORDER** |
| | ) | |
| **FEDERAL EMERGENCY** | ) | |
| **MANAGEMENT AGENCY (FEMA)** | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant | ) | |

**CHRISTOPHER A. BOYKO, J:**

On November 13, 2007, Third Party Defendant Federal Emergency Management Agency ("FEMA") removed Defendant David Cummings' Third-Party Complaint to this Court, alleging this Court has jurisdiction under 28 U.S.C. 1346(b), and removal is proper pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1442(a)(1).[1]

---

[1]   FEMA's Notice of Removal incorrectly cites to 28 U.S.C. 1142(a)(1).

The original Complaint alleges a single claim on behalf of Citibank Corporate Cards ("Citibank") against Defendant/Third-Party Plaintiff David Cummings ("Cummings") for default in the amount of $10,167.20 plus interest and costs, on a government credit card issued Cummings by FEMA when he was hired to help in the aftermath of Hurricane Katrina. Cummings then filed his third-party action against FEMA for failure to reimburse him the amounts owed Citibank by Cummings.

FEMA's Notice of Removal only attaches the Third-Party Complaint. In its Civil Cover Sheet attached to the Notice of Removal, FEMA states in its description of cause, "[r]emoval of state court Third Party Complaint against FEMA." On February 29, 2008, FEMA filed a Motion to Dismiss, alleging this Court lacks subject matter jurisdiction over Cummings' claim against FEMA for FEMA's failure to honor its obligation to reimburse because Cummings' Complaint fails to allege FEMA, as an agency of the United States, has waived sovereign immunity. Furthermore, FEMA contends a contract action against the United States alleging damages of over $10,000 is exclusively within the jurisdiction of the Federal Court of Claims under the Tucker Act. Finally, FEMA contends even if this Court were to find it has jurisdiction to hear the Third-Party Complaint, it fails to allege a contract and therefore, fails to state a claim under Fed. R. Civ. P. 12(b)(6). Cummings has failed to file a timely response to FEMA's Motion to Dismiss.

## STANDARD OF REVIEW

**Notice of Removal**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307

(E.D.Ky. 1990). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Removal jurisdiction is based on the allegations in the Complaint at the time of removal. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000). Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non- removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.* The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal. *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).

## LAW AND ANALYSIS

FEMA contends this Court lacks subject matter jurisdiction to hear the dispute because Cummings' Third-Party Complaint fails to allege waiver of sovereign immunity by FEMA. Also, FEMA contends this Court lacks subject matter jurisdiction because the jurisdiction to hear contract disputes over $10,000 is held exclusively by the Federal Court of Claims under the Tucker Act.

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 463 U.S. at 239, "Thus, absent an express waiver of sovereign immunity, a district court lacks jurisdiction over claims against the United States."*CareTo Live v. von Eschenbach,* 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *citing Mitchell,* 463 U.S. at 212. "It is Plaintiff's burden to 'identify a waiver of sovereign immunity in order to proceed against the United States. If [it] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds.'" *CareToLive* at 950, quoting *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir.2000).

The Tucker Act, 28 U.S.C. § 1346(a)(2) and §1491, confers upon the United States Court of Federal Claims exclusive jurisdiction over all non-tort claims involving money damages against the United States exceeding $10,000. *A.E. Finley & Assoc., Inc. v. United States,* 898 F.2d 1165, 1167 (6th Cir.1990). "[I]f an action rests within the exclusive jurisdiction of the Claims Court under the Tucker Act, 28 U.S.C. §§ 1346 and 1491, the district court does not have jurisdiction regardless of other possible statutory bases." *Id.*

Section 1491 of the Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Section 1346(a)(2) of the Tucker Act states:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of:
> (2) Any other civil action or claim against the United States, not exceeding $ 10,000 in amount, founded either upon the Constitution, or any Act of

4

> Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978 [ 41 USCS §§ 607(g)(1), 609(a)(1) ].

Therefore, when no relevant exception exists, the Federal Court of Claims Claims is vested with exclusive jurisdiction over all Tucker Act claims for more than $ 10,000, *United States v. Hohri,* 482 U.S. 64, 66 n. 1, (1987).

Cummings has failed to respond to FEMA's Motion to Dismiss, has failed to allege or demonstrate waiver of sovereign immunity, and has failed to cite any relevant exception to the Tucker Act's vesting of exclusive jurisdiction with the Federal Court of Claims.  However, FEMA's own case law, cited in its Motion to Dismiss, demonstrates that claims covered by the Tucker Act, 28 U.S.C. §1491, which FEMA contends applies to Cummings' claim, carry the presumption of waiver of sovereign immunity.  "[W]e conclude that by giving the Court of Claims jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims." *Mitchell* at 212. Furthermore, the Supreme Court held, "[i]f a claim falls within the terms of the Tucker Act, the United States has presumptively consented to suit." *Id.* at 216.  However, that waiver of sovereign immunity applies only to claims brought in the Court of Claims.  See *Leibowitz v. United States,* 914 F.2d 246 at *1 (6th Cir. 1990) ("the Tucker Act constitutes a waiver of sovereign immunity with respect to claims over which the Act gives jurisdiction to the Claims Court.").  Because Cummings has not responded to FEMA's Motion to Dismiss, has not challenged removal, and has failed to assert waiver of sovereign immunity, he has failed to

5

demonstrate this Court has subject matter jurisdiction over his claim.

Cummings' Third-Party Complaint does not sound in tort, rather, it presents a claim based on contract. Because the Tucker Act confers exclusive jurisdiction upon the Federal Court of Claims for actions against the United States or an agency of the United States sounding in contract and in excess of $10,000, this Court finds it lacks subject matter jurisdiction to hear the claim set forth in Cummings Third-Party Complaint.

However, this Court cannot grant FEMA's Motion to Dismiss because FEMA has effectively argued *contra* to its contentions in its Notice of Removal. This Court must first determine whether it has jurisdiction to entertain a claim upon removal. "Subject matter jurisdiction is always a threshold determination."*American Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007). Contrary to FEMA's assertion that Cummings has the burden to show jurisdiction, it is the removing party's burden to demonstrate jurisdiction. *Alexander,* 13 F.3d at 949. In its Notice of Removal, FEMA contends this Court has jurisdiction to hear the claim under 28 U.S.C. §1346(b). However, in its Motion to Dismiss, FEMA argues this Court *lacks* jurisdiction under 28 U.S.C. §1346(a)(2). Because this Court agrees it lacks subject matter jurisdiction to hear Cummings' contract claim, it must remand.[2] Therefore, the Court finds removal is improper and remands this case back to the Lyndhurst Municipal Court for further proceedings. 28 U.S.C. §1447(c). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

IT IS SO ORDERED.

---

[2] Though not discussed in this opinion, removal of only a third-party claim may also be improper if the third-party claim is not separate and independent from the underlying claim. See *Poisson v. Maintenance Pace Setters, Inc.,* 696 F. Supp. 1141 (E.D. Mich. 1988).

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

April 11, 2008